IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

KEMAR DWAIN SILBURN,
Petitioner,
v.
TODD LYONS, Secretary of the Department of Homeland Security; MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; TODD BLANCHE, Attorney General of the United States; and BRUCE SCOTT, Warden of the Northwest Ice Processing Center, Tacoma, Washington,
Respondents.

No. 2:26-CV-02296-SAB

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

Before the Court are Petitioner's Motion for Extension of Time, ECF No. 11, and Emergency Motion Preventing Transfer Out of This Jurisdiction During the Pendency of This Habeas Petition, ECF No. 17. Petitioner is representing himself in the matter. Respondents are represented by Michelle R. Lambert. The Motions were considered without oral argument.

As a preliminary matter, Petitioner filed a Motion for Extension of Time,

requesting the Court extend the deadline for him to file his reply memorandum regarding his Habeas Petition due to mailing difficulties within the Northwest ICE Processing Center. Petitioner filed his reply memorandum on August 10, 2026. The Court finds good cause to retroactively grant the Motion.

On August 4, 2026, Respondents filed a Notice of Intent to Remove, providing at least seven days' notice of ICE's intent to transfer Petitioner out of the Northwest ICE Processing Center (NWIPC) and remove Petitioner from the United States, indicating Petitioner would likely be removed in August. In light of that Notice, the Court entered an Order staying the above-captioned case for 14 days pending Petitioner's removal.

On August 14, 2026, Petitioner filed an Emergency Motion requesting the Court enter an order enjoining Respondents from removing or otherwise transferring Petitioner while his Habeas Petition is pending. In the Motion, Petitioner indicates he filed an appeal of the Immigration Judge's Order of Removal on July 20, 2026, prior to the July 30, 2026, deadline. Petitioner's appeal was rejected on July 29, 2026, as he failed to pay the proper filing fee or submit a fee waiver request. Petitioner asserts he refiled his appeal with the proper fee waiver request within the 15-day cure period provided by 8 C.F.R. § 1003.8(a)(3). However, § 1003.8(a)(3) provides the Board of Immigration Appeals (BIA) with the discretion to grant a 15-day period for prospective appellants to cure any filing deficiencies; the cure period does not automatically attach upon rejection. 8 C.F.R. § 1003.8(a)(3). As the decision to either grant or decline to extend a 15-day cure period is agency action based on the interpretation and application of its own regulations, Article III courts must afford deference to such a decision so long as it is not "plainly erroneous or inconsistent with the regulation." *Auer v. Robbins*, 519 U.S. 452, 461 (1997).

In the Notice rejecting Petitioner's appeal, the BIA expressly indicated that the Notice did not extend the original deadline for Petitioner to file his appeal. That

deadline was July 30, 2026, and Petitioner did not file his corrected appeal by that date. There is a possibility that BIA could still accept Petitioner's appeal, but there is nothing in the record indicating this has occurred.

As there is no active appeal of the Immigration Judge's order of removal, the removal order is final. This Court lacks jurisdiction to stay removal when a final order of removal is in place. 8 U.S.C. § 1252(g); *Rauda v. Jennings*, 55 F.4th 773, 778 (9th Cir. 2022). As the Court lacks authority to prevent the execution of a valid removal order, Petitioner's Motion for injunctive relief is **denied**.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Motion for Extension of Time, ECF No. 11, is **GRANTED *nunc pro tunc***.

2. Petitioner's Emergency Motion Preventing Transfer Out of This Jurisdiction During the Pendency of This Habeas Petition, ECF No. 17, is **DENIED without prejudice**.

3. Within seven (7) days from the entry of this Order, the parties shall file a status report indicating the status of Petitioner's appeal to the BIA and the status of removal efforts.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to pro se Petitioner and counsel.

**DATED** this 19th day of August 2026.

Stan Bastian

Stanley A. Bastian
United States District Judge