IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEMAR DWAIN SILBURN,<br>Petitioner,<br>v.<br>TODD LYONS, Secretary of the Department of Homeland Security; MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; TODD BLANCHE, Attorney General of the United States; and BRUCE SCOTT, Warden of the Northwest ICE Processing Center, Tacoma, Washington,<br>Respondents. | No. 2:26-CV-02296-SAB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 4. Petitioner is representing himself in the matter. Respondents are represented by Michelle R. Lambert.

On August 4, 2026, Respondents filed a Notice of Intent to Remove indicating plans were in place to remove Petitioner to Jamaica. Shortly after the Notice was filed, Petitioner filed an Emergency Motion for Temporary Restraining Order requesting the Court enjoin Respondents from transferring Petitioner out of

the district or otherwise removing him from the country.

On August 19, 2026, the Court denied Petitioner's Motion, as his appeal to the Board of Immigration Appeals (BIA) regarding his Order of Removal had not been accepted (it was filed late due to an error with the filing fee) and the deadline to file an appeal had passed. At that stage, the Court lacked jurisdiction over his Petition as Petitioner had an administratively final Order of Removal against him.

On August 26, 2026, Respondents filed a Status Report indicating that BIA accepted Petitioner's appeal, and the Order of Removal is no longer administratively final, restoring jurisdiction to this Court. 8 U.S.C. § 1252(g); *Rauda v. Jennings*, 55 F.4th 773, 778 (9th Cir. 2022). Petitioner requests the Court order his immediate release from custody as his detention has become prolonged. Petitioner also raises several claims under the Administrative Procedure Act, but the Court declines to reach the merits of those claims, as sufficient remedies are available through his Habeas Petition. 5 U.S.C. § 704.

Petitioner, a citizen of Jamaica, has resided in the United States since October 20, 2009. Petitioner has a lengthy criminal history, including at least one controlled substance offense. He was detained on March 13, 2025, and is being held at the Northwest ICE Processing Center. On March 18, 2025, an Immigration Judge denied release on bond, finding that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) due to his criminal history.

Petitioner was residing in the United States prior to his arrest by immigration officials. Civil immigration detainees who resided in the United States prior to detention are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Rodriguez Vasquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025), *aff'd, Rodriguez Vasquez v. Bostock*, No. 25-6842, slip op. at 67 (9th Cir. 2026). Instead, these individuals are subject to detention pursuant to 8 U.S.C. § 1226. *Id*. It appears Petitioner has a prior qualifying controlled substance offense, which subjects him to mandatory detention under § 1226(c). 8 U.S.C. § 1226(c)(1)(B); 8

U.S.C. § 1227(a)(2)(B)(i).

Although Petitioner is subject to mandatory detention, prolonged mandatory detention pending removal proceedings will, at some point, violate the right to due process. *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1116 (W.D. Wash. 2019). Courts in this district typically apply a six-factor balancing test to determine whether prolonged mandatory detention violates due process: (1) the total length of detention, (2) the likely duration of future detention, (3) the conditions of detention, (4) delays in the removal proceedings caused by the detainee, (5) delays in the removal proceedings caused by the government, and (6) the likelihood that the removal proceedings will result in a final order of removal. *Banda*, 385 F. Supp. 3d at 1106. In previous habeas proceedings, this Court has included a seventh factor to expand the scope of the inquiry: any other considerations relevant to the specific facts and circumstances of the petitioner. *Shevchuk v. Scott*, No. 2:26-CV-01408-SAB, 2026 WL 1413609 (W.D. Wash. May 20, 2026).

**1. Total Length of Detention**

Petitioner has been detained since March 13, 2025. The Supreme Court has indicated six months is a presumptively reasonable length of detention for civil immigration cases. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Petitioner is well over this presumptively reasonable threshold, with no clear end in sight. Accordingly, this factor weighs in favor of Petitioner.

**2. Likely Duration of Future Detention**

This factor considers "how long the detention is likely to continue absent judicial intervention; in other words, the anticipated duration of all removal proceedings including administrative and judicial appeals." *Hong v. Mayorkas*, No. C20-1784, 2022 WL 1078627, at *6 (W.D. Wash. Apr. 11, 2022); *Martinez v. Clark*, No. C18-1669, 2019 WL 5968089, at *9 (W.D. Wash. May 23, 2019). As his appeal was accepted by BIA, Petitioner's removal proceedings are ongoing,

and the appeals process available to him could last well over two years. *See Banda*, 385 F. Supp. 3d at 1119. Accordingly, this factor weighs in favor of Petitioner.

**3. Conditions of Detention**

Petitioner's briefing does not include specific allegations regarding the conditions of his confinement. Other courts within this district have characterized the conditions in NWIPC as that of a prison, including problems with food, medical neglect, and cleanliness. *See e.g., Toktosunov v. Wamsley*, No. C25-1724, 2025 WL 3492858, at 5 (W.D. Wash. Dec. 5, 2025). Accordingly, this factor weighs in favor of Petitioner.

**4. Delays Attributable to Petitioner**

There is no evidence in the record that Petitioner has contributed to any delays in his removal proceedings. Accordingly, this factor is neutral.

**5. Delays Attributable to the Government**

There is no evidence in the record that the Government has contributed to any delays in the removal proceedings. Accordingly, this factor is neutral.

**6. Likelihood that Removal Proceedings Will Result in a Final Order of Removal**

There is insufficient information at this stage to make any determination on the outcome of a final order of removal. Accordingly, this factor is neutral.

**7. Specific Facts and Circumstances of Petitioner**

Although Petitioner has a lengthy criminal history, the purpose of civil immigration detention is not to impose further punishment for offenses where sentences have already been served. I do not see any additional facts or circumstances relevant to this analysis. Accordingly, this factor is neutral.

**8. Weighing the Factors**

The first three factors weigh in favor of Petitioner. The final four factors are neutral. Accordingly, Petitioner is entitled to habeas relief.

//

Federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). As Petitioner has been in custody for a significant period with no clear end in sight, the Court finds it appropriate to order his immediate release.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 4, is **GRANTED**.

2. **Within one (1) day of the date of this Order, Respondents shall release Petitioner from immigration detention**. Within two (2) days of the date of this Order, Respondents shall file a certification that Petitioner has been released.

3. Respondents shall not re-detain Petitioner without providing pre-detention notice and affording Petitioner a hearing unless detention becomes statutorily mandated.

4. At any re-detention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to pro se Petitioner and counsel.

**DATED** this 2nd day of September 2026.

Stanley A. Bastian
United States District Judge